PROB 12C
(6/16)

Report Date: February 26, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 01, 2021

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Martin Guadalupe Meraz    Case Number: 0980 1:18CR02063-SMJ-1

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Salvador Mendoza, Jr., U.S. District Judge

Date of Original Sentence: August 1, 2019

| | | |
|---|---|---|
| Original Offense: | Possession of Stolen Firearm, 18 U.S.C. § 922(j) | |
| Original Sentence: | Prison - 28 months<br>TSR - 36 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Ben Seal | Date Supervision Commenced: June 8, 2020 |
| Defense Attorney: | Alex B. Hernandez, III | Date Supervision Expires: June 7, 2023 |

### PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.<br><br>**Supporting Evidence**: Mr. Meraz is considered to be in violation of his supervised release conditions by failing to notify the probation officer at least 10 days before moving to a new residence on or about February 12, 2021.<br><br>On June 8, 2020, Mr. Meraz spoke with this officer upon his release from custody. Due to COVID-19 precautions, Mr. Meraz reviewed and verbally acknowledged his judgment and sentence, which outlined the conditions of his term of supervised release.<br><br>On February 25, 2021, this officer attempted to make contact with Mr. Meraz at his reported residence, 1540 Apricot Road, Grandview, Washington. This officer spoke with Mr. Meraz' mother and she stated Mr. Meraz had moved out of this residence and moved in with his brother at 601 North Third Street, Grandview, Washington. |

Prob12C
**Re: Meraz, Martin Guadalupe**
February 26, 2021
Page 2

On February 25, 2021, Mr. Meraz was questioned about him no longer residing with his mother and moving to a new residence that was not approved. Mr. Meraz stated to have moved residences after February 11, 2021.

2    **Special Condition #4**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: Mr. Meraz is considered to be in violation of his supervised release conditions by failing to obtain a substance abuse evaluation as directed by February 26, 2021.

On June 8, 2020, Mr. Meraz spoke with this officer upon his release from custody. Due to COVID-19 precautions, Mr. Meraz reviewed and verbally acknowledged his judgment and sentence, which outlined the conditions of his term of supervised release.

On February 11, 2021, Mr. Meraz reported to this officer that he had not obtained a substance abuse evaluation. He was directed to follow through with obtaining his evaluation by February 26, 2021.

On February 25, 2021, Mr. Meraz reported to this officer that he had not completed the substance abuse evaluation. Mr. Meraz stated he would not be completing the evaluation with the U.S. Probation contracted provider, and would instead seek his own noncontract provider. As of the writing of this report, Mr. Meraz has failed to obtain a substance abuse evaluation as directed.

3    **Special Condition #5**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Meraz is considered to be in violation of his supervised release conditions by failing to report to Merit Resource Services (Merit) for urinalysis (UA) testing on February 23, 2021.

On June 8, 2020, Mr. Meraz spoke with this officer upon his release from custody. Due to COVID-19 precautions, Mr. Meraz reviewed and verbally acknowledged his judgment and sentence, which outlined the conditions of his term of supervised release.

On June 8, 2020, the substance abuse testing instructions were reviewed with Mr. Meraz. He verbally acknowledged his understanding of the testing program. On December 3, 2020, he was instructed to call the Merit color line system for the color brown. When his color brown was called, he was to report to Merit and submit to a drug screen.

On February 24, 2021, Merit reported Mr. Meraz failed to show up for random UA testing on February 23, 2021.

Prob12C
**Re: Meraz, Martin Guadalupe**
**February 26, 2021**
**Page 3**

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the defendant to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   02/26/2021

s/Arturo Santana

Arturo Santana
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[ ]   Other

Signature of Judicial Officer

03/01/2021
Date