PROB 12C
(6/16)

Report Date: February 16, 2024

# United States District Court

**for the**

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 20, 2024

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Martin Guadalupe Meraz            Case Number: 0980 1:18CR02063-SAB-1

Address of Offender: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Sunnyside, Washington 98944

Name of Sentencing Judicial Officer:  The Honorable Salvador Mendoza, Jr., U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Stanley A. Bastian, U.S. Chief District Judge

Date of Original Sentence: August 1, 2019

| | |
|---|---|
| Original Offense: | Possession of Stolen Firearm, 18 U.S.C. § 922(j) |
| Original Sentence: | Prison - 28 months     Type of Supervision: Supervised Release
TSR - 36 months |
| Revocation Sentence:
(11/23/2021) | Prison - 7 months
TSR - 29 months |
| Asst. U.S. Attorney: | Courtney Pratten     Date Supervision Commenced:  March 14, 2022 |
| Defense Attorney: | To Be Assigned     Date Supervision Expires: Tolling |

## PETITIONING THE COURT

To incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court on 11/22/2023.

On March 18, 2022, the supervised release conditions were reviewed and signed with Mr. Meraz.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 4 | **Mandatory Condition #1**: You must not commit another federal, state or local crime.
|  | **Supporting Evidence**:  Mr. Meraz is considered to be in violation of his supervised release conditions by being arrested for possession of a controlled substance, methamphetamine, on or about January 14, 2024, per Sunnyside Police Department report number 24S00402, dated January 16, 2024.
|  | On January 14, 2024, Officer Tovar was dispatched to a possible domestic violence call at 408 East Yakima Valley Highway, #129. Comments on the computer-aided dispatch (CAD) indicated it was a possible domestic and a female was heard yelling. Comments also indicated that a man and woman were fighting in room 129. |

Prob12C
Re: Meraz, Martin Guadalupe
February 16, 2024
Page 2

Officer Tovar arrived on the scene and contacted the reporting party which was a group of juveniles. The group of juveniles pointed to room 129.

Officer Garbe and officer Tovar approached room 129 and knocked on the door. A male came to the door who was later identified as Martin Guadalupe Meraz (date of birth 05/25/1985). Mr. Meraz had a satchel-styled bag on his person when he came out. Officer Tovar asked Mr. Meraz to come out and speak with him. Mr. Meraz told the officer he was getting picked up and he was just arguing. The officer asked dispatch to run his name for any warrants. Dispatch advised Officer Tovar that Mr. Meraz had a U.S. Marshals warrant, as well as a Sunnyside Municipal court warrant.

Officer Tovar then advised Mr. Meraz that he was being placed under arrest. The officer grabbed an arm and Mr. Meraz started tensing up. Sergeant Sholtys grabbed the other arm and they attempted to place wrist restraints on Mr. Meraz. Mr. Meraz became agitated and started saying he needed to give the satchel that was on his person to the female who was inside the residence. Officer Tovar advised Mr. Meraz that he would not be doing that.

Once Mr. Meraz was placed in restraints, the officer attempted to remove the satchel off Mr. Meraz' person, Mr. Meraz became agitated and head butted a patrol car, causing a dent. Due to the impact of Mr. Meraz' head butt, it also caused the paint to crack.

The satchel was eventually removed from Mr. Meraz' person and the officer searched him incident to arrest, where he located two glass pipes with burnt residue on them. Officer Tovar then placed him in the back of his patrol car, where Mr. Meraz continued with his out-of-control behavior.

Officer Tovar started searching Mr. Meraz' satchel incident to arrest. As he was searching his satchel, Mr. Meraz said something in the means of, "whatever is in there, it's not mine." Officer Tovar observed a firearm holster in the bag, along with three boxes of ammunition, as well as numerous syringes.

Due to Mr. Meraz' behavior, officer Tovar stopped searching Mr. Meraz' satchel and was advised by Sergeant Sholtys's to transport Mr. Meraz to the Sunnyside City Jail with his lights and sirens activated. Officer Tovar arrived at the jail and corrections officers took custody of Mr. Meraz. While at the jail, Officer Tovar read to Mr. Meraz his Miranda warning at 17:40 hours. Mr. Meraz chose to speak to the officer and told him the ammunition located in the satchel was not his. Officer Tovar asked Mr. Meraz if he needed aid since he had head butted his car, and Mr. Meraz denied aid.

Officer Tovar cleared from the jail and headed back to the location. He contacted the female involved and she identified herself as YH. The officer asked YH if she had been assaulted, and she advised she had not. The officer asked YH if there were any firearms in the residence, and she advised there was not. The officer asked YH if she would allow officers to search the residence for firearms, and she advised she would. YH advised she would not sign anything on paper, but would give verbal consent.

Officer Tovar and other officers searched the residence. They were able to locate a box of 9mm ammunition, as well as another firearm holster in the restroom. YH denied ownership of both items. The officers cleared the residence with no issues.

Officer Tovar went to the police department and continued his search of Mr. Meraz' satchel. The officer found more syringes, as well as a jar with a white crystal-like substance inside consistent with that of methamphetamine. All of Mr. Meraz' other personal items were logged into his property at the jail.

Officer Tovar entered the four boxes of ammunition into evidence, as well as the three holsters and the jar of methamphetamine. The approximate weight of the methamphetamine was 16.33 grams with the jar.

Based on the above listed facts and circumstances, Officer Tovar requested Mr. Meraz be charged with Second Degree Malicious Mischief, in violation of the Revised Code of Washington (RCW) 9A.48.080 as it states, "Creates a substantial risk of interruption or impairment of service rendered to the public, by physically damaging or tampering with an emergency vehicle or property of the state, a political subdivision thereof, or a public utility or mode of public transportation, power, or communication," and Controlled Substance Know Possess, in violation of RCW 69.50.4013.1A. Mr. Meraz was also issued a citation for the drug paraphernalia.

5      **Mandatory Condition #1**: You must not commit another federal, state or local crime.

**Supporting Evidence**: Mr. Meraz is considered to be in violation of his supervised release conditions by being arrested for malicious mischief on or about January 14, 2024, per Sunnyside Police Department report number 24S00402, dated January 16, 2024.

Please refer to the supporting evidence in violation 4 for details.

6      **Standard Condition #10**: You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

**Supporting Evidence**: Mr. Meraz is considered to be in violation of his supervised release conditions by being in possession of ammunition on or about January 14, 2024, per Sunnyside Police Department report number 24S00402, dated January 16, 2024.

Please refer to the supporting evidence in violation 4 for details.

The U.S. Probation Office respectfully recommends the Court to incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    February 16, 2024

s/Arturo Santana

Arturo Santana
U.S. Probation Officer

Prob12C
Re: Meraz, Martin Guadalupe
February 16, 2024
Page 4

THE COURT ORDERS

- [ ] No Action
- [ ] The Issuance of a Warrant
- [ ] The Issuance of a Summons
- [X] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
- [ ] Defendant to appear before the Judge assigned to the case.
- [X] Defendant to appear before the Magistrate Judge.
- [ ] Other

_____
Signature of Judicial Officer

_____2/20/2024_____
Date